UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA SMITH,

    Plaintiff,

v.

MEGAN DOUGHERTY, *et al.*,

    Defendants.

Case No. C16-1818RSM

ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint. Dkt. #27. Plaintiff seeks to file a Third Amended Complaint to add the President and Vice President of Whatcom Community College as Defendants to this action. Dkt. #27. Defendants oppose the motion, arguing that the proposed new Defendants have no pertinent relation to the claims alleged. Dkt. #31. For the reasons discussed herein, the Court agrees with Defendants and DENIES Plaintiff's motion.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that leave to amend should be granted with "extreme liberality." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Court must consider whether the proposed amendment (1) would be futile, (2) is the product of undue

ORDER - 1

delay, (3) would prejudice the non-moving party, and (4) was brought in bad faith. *Id.* (stating all four factors). The opposing party bears the burden of showing prejudice, *id.* at 187, which is the most important factor in whether to grant a motion for leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (presumption in favor of granting leave exists absent prejudice or a strong showing of any of the remaining factors).

Based on Plaintiff's filing, the Court finds that amendment at this juncture would be futile. "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003). There is nothing in Plaintiff's instant motion that identifies how the proposed Defendants were involved in her alleged claims, nor are there any factual allegations related to the two proposed Defendants. According to the allegations made by Plaintiff in her Second Amended Complaint, the only persons involved in the investigation and the subsequent meeting leading to her claims are already named Defendants. Dkt. #18.

Further, Plaintiff has failed to attach her proposed amendments to her motion in violation of the Court's Local Rules. *See* LCR 15. Thus, the Court has no ability to review what Plaintiff proposes to amend at this juncture.

Accordingly, Plaintiff's Motion to Amend (Dkt. #27) is DENIED.

DATED this 11 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 2