UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA SMITH,                                )
                                           )   CASE NO. C16-1818RSM
                    Plaintiff,             )
                                           )
          v.                               )   ORDER GRANTING MOTION TO
                                           )   COMPEL
MEGAN DOHTRY, *et al.*,                     )
                                           )
                    Defendants.            )
_____        )

THIS MATTER comes before the Court on Defendants' Motion to Compel Discovery

Responses. Dkt. #48. Defendants assert that, despite numerous extensions of time to respond,

Plaintiff has failed to provide complete answers to many of their Interrogatories and Requests for

Production, and they are long overdue. *Id.*

On September 7, 2017, Defendants served Plaintiff with Defendants' First Interrogatories

and Request for Production. Dkt. #49, Ex. 3. Answers to those Interrogatories were therefore

due October 11, 2017, but Plaintiff did not provide them. At that time, Defendants agreed to an

additional one month extension for Plaintiff to answer, making Plaintiff's responses due on

November 13, 2017. Dkt. #48. Plaintiff failed to answer the discovery within that time.

However, on November 22, 2017, after suffering a medical illness, Plaintiff moved the Court for

an additional extension to answer the Interrogatories, which the Court granted, allowing Plaintiff

until January 4, 2018, to respond. Dkt. #44. When Plaintiff did not respond, Defendants

requested that she properly answer discovery by January 26, 2018. Dkt. #49, Ex. 2. Defendants continue to await complete discovery responses to this date.

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Plaintiff has untimely responded to the instant motion, admitting that she has refused to respond to discovery, but stating that the reason she has done so is because she seeks a protective order to govern her responses. Dkt. #50. She also states that she will only disclose her medical records if they "are sealed from the public," and will only release the information if the "judge is present when [Defendants] see it." *Id.*

Plaintiff does not appear to understand the Rules of Civil procedure, her obligations in this litigation or the scope and authority of the Court with respect to discovery. It is Plaintiff's duty to provide requested discovery, unless, if she feels a request is not appropriate, she timely objects and/or seeks relief from the Court. She did not do so in this matter. In fact, on January 8, 2018, in seeking an extension of time to propound her own discovery, she represented to the Court that she had already fully responded to Defendants' discovery requests. Dkt. #45.

Moreover, Defendants have agreed to enter into a Protective Order governing her discovery responses, yet Plaintiff has apparently refused to discuss such an Order with opposing counsel. A good faith discussion with opposing counsel regarding discovery is an obligation that Plaintiff must fulfill. Further, Plaintiff appears to be under the mistaken impression that her discovery responses will become public upon sending them to Defendants. This is not the case. Discovery responses are not filed on the public docket, and they are not filed with the Court unless or until a party files particular documents to support a specific motion. Medical records are almost always filed under seal in those instances. Additionally, a Protective Order would govern how other sensitive material is handled. Finally, the Court does not supervise counsel in reviewing discovery responses, and will not do so in this case.

Plaintiff has been granted multiple extensions to properly answer the discovery propounded by Defendants. However, Plaintiff has failed to provide complete responses without a Court Order. Plaintiff has put her medical information at issue through the type of claims she is making, and now must disclose that information to opposing counsel. Further, she must disclose the names and contact information of witnesses to her allegations or those she anticipates will testify in this case. Plaintiff cannot refuse to fulfill her discovery duties by refusing to respond without a Court order. The Federal Rules of Civil Procedure require her to respond to appropriate discovery requests on her own accord. **Therefore, the Court hereby COMPELS Plaintiff to fully and truthfully respond to Defendants' discovery requests as set forth below**.

Defendant seeks its costs and fees in bringing this motion. Dkt. #48 at 5. Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). While the Court acknowledges that Plaintiff is proceeding *pro se* in this matter, the Court has also informed Plaintiff on numerous occasions in this litigation that she must comply with the Federal Rules of Civil Procedure and respond to discovery. She must fulfill those obligations even if uncomfortable for her. The discovery requested by Defendants does not require a court order or that the Court supervise Defendants in reviewing her response, and it was improper for Plaintiff to refuse to produce responses without Court intervention. Accordingly, the Court will grant Defendants' request for their expenses in bringing this motion.

Accordingly, the Court hereby finds and ORDERS:

1) Defendants' Motion to Compel (Dkt. #48) is GRANTED. **No later than fourteen (14) days from the date of this Order, Plaintiff shall serve on Defendants her complete responses to Defendants' Interrogatories and Requests for Production. Those responses SHALL NOT be filed with the Court. Plaintiff is warned that refusing to produce her responses may result in sanctions, including the dismissal of her case.**

2) Defendants' request for attorney's fees and costs is GRANTED. Defendants shall file a Supplemental Motion for Attorney's Fees, supported with a Declaration of its fees associated with their Motion to Compel **no later than fourteen (14) days from the date of this Order.** That motion shall be noted for the second Friday after it is filed. Plaintiff may file a Response no later than the Monday before the noting date, addressing only the reasonableness of the fees requested. No Reply shall be filed

ORDER
PAGE - 4

3)  The Clerk SHALL send a copy of this Order to Plaintiff at PMB 6169, PO BOX 257,

Olympia, WA 98507.

DATED this 26 day of March, 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE