UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>WHATCOM COMMUNITY COLLEGE, *et al.*,<br><br>    Defendants. | Case No. C16-1818 RSM<br><br>ORDER GRANTING SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES |

This matter initially came before the Court on Defendants' motion to compel Plaintiff's discovery responses, which included a request for attorney's fees. Dkt. #48. On March 26, 2018, the Court granted Defendants' motion, granted Defendants' request for attorneys' fees, and directed Defendants to file a supplemental motion, appending the evidence necessary to support their request. Dkt. #51. Defendants have since filed that supplemental motion. Dkt. #52. Plaintiff has failed to respond to the motion. Defendants now ask the Court for an award of $450 in attorney's fees. For the reasons discussed below, the Court GRANTS Defendants' motion.

As an initial matter, the Court notes that pursuant to this Court's Local Civil Rules, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court considers Plaintiff's failure to respond to be such an

ORDER - 1

admission in this case.

Turning to the fees requested, the Court finds that such fees are warranted. "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

The Court first examines the hourly rate for time billed by their counsel requested by Defendants. Defendants seek a billing rate of $150 per hour. Dkt. #53 at ¶ 4. This fee is reasonable for cases of this nature in this District.

The Court now turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court

ORDER - 2

excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Defense counsel spent three hours on the research, writing and filing of the motion to compel. Dkt. #53 at ¶ 5. This amount of time is reasonable, and the Court will award the fees associated with those hours. Accordingly, the total amount of attorney's fees awarded is $450.00.

Having considered Defendants' Supplemental Motion for Fees and Costs, the Declaration in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' motion (Dkt. #52) is GRANTED. Defendants are awarded **attorneys' fees in the amount of $450.00.**

DATED this 4th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE